STOKER, Judge.
This is an action in tort for physical damage allegedly done to a mobile home, a 1979 Eagle House Trailer. In his petition plaintiff contends that defendants’ negligent or intentional acts in moving the mobile home some two hundred and fifty feet resulted in damage to the home to the extent of $19,-912.95. The trial court gave judgment for the plaintiff in the amount of $1,250.00. Plaintiff appealed. We reverse.
The issue in this case is whether plaintiff met his burden of proof. The question is: Did defendants in fact damage plaintiff’s mobile home?
FACTS
The trial court gave oral reasons for judgment at the conclusion of the testimony. The trial judge noted the plaintiff was motivated by spite. The incident out of which this suit arose has its background in intrafamily acrimony. The mobile home in question was community property owned by plaintiff and his former wife, Kathy Des-selle. During litigation which ended the marriage, Kathy first had the trailer but the court ultimately awarded it to plaintiff, Webster P. Desselle, and ordered Kathy to deliver the trailer to Webster by 12:00 noon on May 7, 1982. The trailer was located on land belonging to plaintiff’s brother, defendant Downing P. Desselle. Plaintiff’s property was located approximately one-quarter of a mile away. Downing P. Des-selle and Allen Daigrepont, the other defendant, undertook to assist Kathy Desselle in moving the trailer for delivery to plaintiff.
Downing P. Desselle and plaintiff are brothers and bad feelings exist between them. It appears that plaintiff was perhaps piqued at Downing because he allowed Kathy to park the trailer in his pasture.
In moving the mobile home it was necessary that defendants move it through a double gate. Plaintiff theorizes that in doing so defendants had some difficulty and in some fashion tore off siding and caused inside damage. Plaintiff’s evidence purports to establish damage to the mobile home in the amount of approximately $4,900.00. There is no direct evidence that defendants caused any damage to the mobile home. The matter is complicated by the fact that the mobile home was in an accident approximately one year earlier in May of 1981. At that time the trailer slid into a ditch and sustained considerable damage.
Defendants claim the damage which plaintiff claims was done on May 7, 1982 was actually sustained in the accident of May, 1981. The evidence strongly suggests that this is correct. In the trial judge’s brief oral reasons for judgment he pitched his finding for plaintiff on one item of circumstantial evidence. One corner of the front of the trailer had a streak of creosote on it after the move. Plaintiff contended defendants had caused the mobile home to strike a creosoted pole. The trial court appears to have given credence to this claim but concluded that the damage done was minor. The trial court further commented that all the damage which plaintiff claims amounts to $4,912.95 could not have occurred in the move from Downing P. Des-selle’s pasture. The trial court evidently chose not to believe the defendants and their witnesses.
Without any discussion of how it arrived at its award, the court simply announced that it would award damages of $1,250.00.
DID PLAINTIFF CARRY THE BURDEN OF PROOF?
The trial court was obviously not impressed with plaintiff’s case, but on the *651 vital issue of whether he carried the burden of proof, the trial court found in his favor on the tenuous ground that the mobile home had struck something while in transit.
Assuming that some difficulty was encountered by defendants in moving the mobile home through the double gate, we find that the plaintiff has not carried his burden of proof to show that his property was actually damaged in the episode. The evidence establishes that in the initial accident in 1981 the mobile home sustained extensive damage. Even assuming that after the mobile home was returned to plaintiff on May 7, 1982, there was more damage than was sustained in 1981, there is no clear proof that such worsened condition resulted from the May 7, 1982 move. The mobile home was moved once to the pasture of Downing P. Desselle from adjoining property belonging to Kathy Desselle’s mother-in-law. We are unaware of all the vicissitudes which the mobile home underwent while under the control of Kathy until the morning of May 7, 1982 when defendant undertook to move the home for delivery to plaintiff.
Plaintiff’s claim is focused on and confined to the events involving the defendants on May 7, 1982 and their alleged acts. In reviewing the evidence we conclude that no preponderance of evidence established that defendants caused any damage to the home on May 7, 1982. The trial court makes no specific finding on this point, but the court by implication seems to reach that conclusion. We conclude that the trial court was clearly wrong in reaching such a conclusion.
Accordingly, the judgment of the trial court is reversed and plaintiff’s action dismissed at his costs — both in the trial court and in this appeal.
REVERSED.